**FILED**

JUN 05 2025

2021R00383/KR/SN

AT 8:30_____ /b ___ M 1:35ᴾᵐ
CLERK, U.S. DISTRICT COURT - DNJ

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Evelyn Padin |
| | : | |
| v. | : | Crim. No. 24-455 |
| | : | |
| CARL NAPIER, | : | 18 U.S.C. § 1962(d) |
| a/k/a "Smash," | : | 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) |
| HAMIR WRIGHT | : | 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) |
| a/k/a "Lil Smash," | : | 18 U.S.C. § 922(g)(1) |
| ALEXIS TEJADA, | : | 18 U.S.C. § 933(a)(1) |
| JIHAD BIBBS, SR., and | : | 18 U.S.C. § 2 |
| JAMIE ARCHER-MONROE, | : | |
| a/k/a "Raziq" | : | |

## S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

1.     At various times relevant to this Superseding Indictment, defendants Carl Napier, a/k/a "Smash" ("NAPIER"), Hamir Wright, a/k/a "Lil Smash" ("WRIGHT"), Alexis Tejada ("TEJADA"), Jihad Bibbs, Sr. ("BIBBS"), Jamie Archer-Monroe, a/k/a "Raziq" ("ARCHER-MONROE"), and others were members and associates of a criminal organization operating in the District of New Jersey and elsewhere, known as the "Bounty Hunter Bloods."

### The Enterprise

2.     At all times relevant to this Superseding Indictment, the Bounty Hunter Bloods, including its leaders, members, and associates, constituted an enterprise, as defined in Title 18, United States Code, Section 1961(4), namely, a group of individuals associated in fact that engaged in, and the activities of



which affected, interstate and foreign commerce (the "Bounty Hunter Bloods Enterprise" or the "Enterprise"). The Bounty Hunter Enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

### History, Rules, and Organization of the Bounty Hunter Bloods Enterprise

3.     The Bounty Hunter Enterprise was a criminal street gang which originated in the Nickerson Gardens public housing projects in Watts, Los Angeles, and which operates in numerous states, including but not limited to California, Georgia, Virginia, North Carolina, Texas, Michigan, Pennsylvania, New York, and New Jersey.

4.     In New Jersey, the Bounty Hunter Bloods Enterprise operates primarily in Somerset, Middlesex, Passaic, and Mercer Counties, as well as within the New Jersey prison system. Members and associates of the Enterprise within New Jersey, and in particular, in the New Brunswick area, generally identify as part of the "Five Line" subset of the Bounty Hunter Bloods.

5.     Members and associates of the Enterprise operating in and around Somerset and Middlesex Counties operate under the umbrellas of "Parkside," and "the Ville"—two neighborhood-based street gangs operating in the New Brunswick area. Collectively, members and associates of the Enterprise in the New Brunswick area may refer to themselves at the "Route 27" crew—a reference to New Jersey Route 27, which runs from Mercer County through Essex County.

6.    In the New Brunswick area, the Bounty Hunter Bloods Enterprise distributes drugs in various areas in and around New Brunswick and Franklin Township, New Jersey.

7.    Members and associates of the Bounty Hunter Bloods Enterprise follow certain practices of the Enterprise, including:

a.    visible demonstrations of gang affiliation, such as an identification with the number "115," a reference to 115th Street in the Nickerson Gardens housing projects in Watts, Los Angeles, most commonly associated with the Five Line subset of the Enterprise, and the colors red and black, which appear in clothing, hats, and bandanas;

b.    use of social media platforms to proclaim affiliation with, and highlight, the Enterprise by posting gang-related photographs and videos, including those paying homage to deceased members of the Enterprise and taunting rival gang members, as well as to communicate with other members and associates; and

c.    use of slogans and hand gestures, as well as the display of tattoos, signifying membership in the Enterprise, as well as disparaging and threatening rivals.

8.    Members and associates of the Bounty Hunter Bloods Enterprise engage in, or control, drug trafficking and other criminal activities in various neighborhoods and public housing complexes in and around New Brunswick and Franklin Township, including, among others:

3

a.    within New Brunswick, between Lee Avenue to Throop Avenue, from Suydam Street to Delavan Street;

b.    within Franklin Township, the area around Naamen Williams Park and its surrounding vicinity, bordered by Victor Street and Route 27, from Millstone Road to Matilda Avenue; and

c.    within New Brunswick, the Robeson Village Housing Complex and its surrounding vicinity, bordered by Zebra Way and Route 27, from Van Dyke Avenue to Jennings Court (collectively the "Enterprise Territory").

9.    Members and associates of the Bounty Hunter Bloods are expected to and have committed violent acts for the benefit of the Enterprise and as directed by other high-ranking members of the Enterprise. Committing a violent act increases the respect accorded to that member and results in that member's maintaining and increasing position in the Enterprise.

10.    Members and associates are expected to commit acts of violence against rival gang members. Failure to do so results in "discipline" by fellow gang members and a lack of respect within the Enterprise. Specifically, the Enterprise engages in retaliatory acts of violence with rival gangs, including those that identify as "4 Pound" or "Down Bottom," which is associated with the "Down Bottom" area of New Brunswick, and "Uptown" or "G-Shine," which is associated with the "Uptown" area of New Brunswick.

11.    Members and associates of the Bounty Hunter Bloods Enterprise pay homage to deceased members of the Enterprise and are expected to retaliate to seek retribution for deceased fellow gang members.

12.     At all relevant times, NAPIER, WRIGHT, Tejada, Bibbs, Archer-Monroe, and others, were members and associates of the Bounty Hunter Bloods Enterprise who operated in and around Middlesex County and Somerset County in New Jersey.

## Purposes of the Bounty Hunter Bloods Enterprise

13.     The purposes of the Bounty Hunter Bloods Enterprise include the following:

a.     promoting and enhancing the Enterprise and the activities of its members and associates, both in and out of prison, which activities include, but are not limited to, drug trafficking, firearms trafficking, acts involving murder, and other criminal activities;

b.     preserving and protecting the power, territory, reputation, and profits of the Enterprise and of its members and associates, both in and out of prison, through the use of intimidation, violence, threats of violence, assaults, and murder;

c.     providing assistance to gang members and associates who are imprisoned after having committed crimes on behalf of the Enterprise;

d.     confronting and retaliating against rival gangs through intimidation, threats of violence, and acts of violence; and

e.     hindering, obstructing, and preventing law enforcement from identifying participants in the gang's criminal activity, from apprehending the offenders of those crimes, and from successfully prosecuting and punishing those offenders.

**Manner and Means of the Enterprise**

14.    Among the manner and means by which members and associates of the Bounty Hunter Bloods Enterprise conducted and participated in the conduct of   the affairs of the Enterprise were the following:

    a.    Members and associates of the Enterprise acquired, maintained, and shared weapons, including firearms, to use during violent criminal acts on behalf of the Enterprise.

    b.    Members and associates of the Enterprise committed and agreed to commit violent acts, including murder and assault with deadly weapons, on behalf of the Enterprise to punish Enterprise members and associates who had been disloyal, to retaliate against rivals, to maintain and enhance the reputation of the Enterprise, and to protect and otherwise assist their drug trafficking activities.

    c.    Participation in criminal activity by a member, particularly violent acts directed at rivals or as directed by other high-ranking members of the gang, increased the respect accorded to that member and resulted in that member's maintaining and increasing position in the gang.

    d.    Members and associates of the Enterprise used social media, including Instagram and Facebook, to intimidate rival gang members and other members of the community and to promote the Enterprise.

    e.    Members and associates of the Enterprise enriched themselves through drug trafficking and firearms trafficking within the Enterprise territory and elsewhere, and members and associates prevented those

who were not associated with the Enterprise from trafficking narcotics within the Enterprise's territory.

### COUNT ONE
### (Racketeering Conspiracy)

15.    Paragraphs One through Thirteen are re-alleged and incorporated as if fully set forth herein.

16.    Beginning at least as early as in or about 2019, and continuing through the date of this Superseding Indictment, in the District of New Jersey and elsewhere, the defendants,

**CARL NAPIER**,
a/k/a "Smash," and
**HAMIR WRIGHT**
a/k/a "Lil Smash,"

together with others, being persons employed by and associated with the Bounty Hunter Bloods Enterprise, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally conspired and agreed with each other, and with others known and unknown, to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the Bounty Hunter Bloods Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and (5), which pattern of racketeering activity consisted of:

a.    Multiple acts involving murder, contrary to N.J.S.A. 2C:11-3, 2C:11-3, 2C:5-1, 2C:5-2, and 2C:2-6;;

a.      multiple acts indictable under Title 18, United States Code, Section 933 (relating to firearms trafficking); and

b.      multiple offenses involving the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance punishable under the laws of the United States, in violation of Title 21, United States Code, Section 846 (conspiracy to distribute and possess with intent to distribute controlled substances), Section 841 (distribution and possession with intent to distribute controlled substances), and Section 843(b) (use of a communications facility to violate the Controlled Substances Act).

17.     It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

**Overt Acts**

18.    In furtherance of the conspiracy and to achieve its purposes, defendants NAPIER and WRIGHT and their coconspirators committed the overt acts described in the following paragraphs, among others, in the District of New Jersey and elsewhere.

a.    Beginning at least as early as in or around 2019, defendants NAPIER, WRIGHT, Tejada, Bibbs, and Archer-Monroe engaged in multiple acts of distribution of controlled substances, and possession with intent to distribute controlled substances, in and around Enterprise Territory and elsewhere the District of New Jersey.

b.    Beginning at least as early as in or around 2019, defendants NAPIER, WRIGHT, Tejada, Bibbs, and Archer-Monroe, engaged in and aided and abetted multiple acts of violence for and on behalf of the Enterprise, which acts of violence targeted rival gang members and any other individuals who disrespected the Enterprise or its members.

c.    Beginning at least as early as in or around 2019, defendants NAPIER, WRIGHT, Tejada, Bibbs, and Archer-Monroe, and other members and associates of the Bounty Hunter Bloods Enterprise utilized social media, to include Facebook and Instagram, to conduct the business of the Enterprise, including flaunting membership in the Enterprise, paying homage to deceased members and associates of the Bounty Hunter Bloods Enterprise, taunting rival gang members, and threatening retribution for acts of violence committed against members of the Enterprise.

d.    For example, NAPIER posted to his Instagram account that a high-ranking member of the Enterprise "said [NAPIER] gotta get DP'd." *The term "DP" is used by the Bounty Hunter Bloods Enterprise to reference acts of discipline that high-ranking gang members carry out on lower-ranking gang members.*

e.    On or about May 18, 2021, WRIGHT, along with another member and associate of the Enterprise, possessed a privately made 9mm handgun, having no visible serial number, which was utilized in a shooting on or about May 16, 2021 in the area of Hope Manor housing complex in "Down Bottom," inside of a stolen vehicle.

f.    On or about November 17, 2023, NAPIER distributed and possessed with intent to distribute cocaine base.

g.    On or about December 13, 2023, NAPIER distributed and possessed with intent to distribute cocaine base and fentanyl.

h.    On or about January 17, 2024, NAPIER distributed and possessed with intent to distribute fentanyl.

i.    In or around March 2024, NAPIER appeared in a photograph depicting himself holding a Glock 22 handgun, bearing serial number UWU526 (the "Glock").

j.    On or about March 12, 2024, NAPIER and WRIGHT while other members and associates of the Enterprise, including Tejada, Bibbs, and Archer-Monroe were present, confronted rival gang WRIGHT, specifically members or associates of G-Shine. During this confrontation, WRIGHT and NAPIER brandished firearms. WRIGHT attempted to shoot, and NAPIER, in fact,

did shoot at and hit the purported rival gang members, causing the death of Victim-1, and resulting in serious bodily injury to Victim-2 (the "Shooting"). During the Shooting, NAPIER discharged approximately eight rounds of .45 caliber ammunition (the "Ammunition").  Following this shooting, NAPIER, WRIGHT, and other members and associates of the Enterprise, including Tejada, Bibbs, and Archer-Monroe, fled the area and took steps to conceal evidence of the Shooting.

k.    On or about March 15, 2024, NAPIER possessed and sold two firearms, a .45 caliber Springfield Armory Model XD-45 firearm with a defaced serial number (the ".45 Caliber Firearm"), and a Taurus model G2C firearm with a defaced serial number (the "Defaced Taurus"). The .45 Caliber Firearm was used to discharge ammunition recovered from the scene of the Shooting. During this sale, NAPIER admitted to using the .45 Caliber Firearm during the Shooting, which resulted in the death of Victim-1 and the serious bodily injury to Victim-2.

l.    On or about April 4, 2024, shortly after NAPIER's arrest, WRIGHT posted to his Instagram Account "Free Smash . . . Free Nana . . . We was getting money before ya big homies," communicating his association with NAPIER, a/k/a "Smash."

m.    On or about August 19, 2024, WRIGHT was arrested in possession of the Glock—the firearm that NAPIER had photographed himself with in or around March 2024.

## NOTICE OF SPECIAL SENTENCING FACTOR REGARDING COUNT ONE

2. As part of their/his agreement to conduct and participate in the conduct of the affairs of the Bounty Hunter Bloods Enterprise through a pattern of racketeering activity, the following defendants committed the following acts:

   a. On or about March 12, 2024, in the District of New Jersey and elsewhere, the defendants,

**CARL NAPIER,**
a/k/a "Smash," and
**HAMIR WRIGHT**
a/k/a "Lil Smash,"

did knowingly and purposely cause the death and serious bodily injury resulting in the death of another person, namely Victim-1, in violation of N.J.S.A. 2C:11-3(a)(1), 2C:11-3(a)(2), and 2C:2-6, and did aid and abet the same.

   All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO
(Distribution and Possession with Intent to Distribute Controlled Substances)

On or about November 17, 2023, in the District of New Jersey and elsewhere, the defendant,

### CARL NAPIER,
a/k/a "Smash,"

did knowingly and intentionally distribute and possess with intent to distribute 28 grams or more of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT THREE
(Unlawful Possession of a Firearm and Ammunition)

On or about November 17, 2023, in the District of New Jersey and elsewhere, the defendant,

### CARL NAPIER,
a/k/a "Smash,"

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, namely, a Taurus 66 .357 magnum revolver, bearing serial number 5152475, and six rounds of ammunition, and the firearm and ammunition were in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FOUR

(Distribution and Possession with Intent to Distribute Controlled Substances)

On or about December 13, 2023, in the District of New Jersey and elsewhere, the defendant,

### CARL NAPIER,
a/k/a "Smash,"

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FIVE
(Unlawful Possession of a Firearm)

On or about December 13, 2023, in the District of New Jersey and elsewhere, the defendant,

**CARL NAPIER,**
a/k/a "Smash,"

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, namely, a Taurus PT709 handgun, bearing serial number TCT50076, and the firearm was in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT SIX
(Firearms Trafficking)

On or about December 13, 2023, in the District of New Jersey and elsewhere, the defendant,

**CARL NAPIER,**
a/k/a "Smash,"

did knowingly and willfully ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm to another person in or otherwise affecting interstate and foreign commerce, knowing and with reason to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony.

In violation of Title 18, United States Code, Section 933(a)(1).

## COUNT SEVEN

(Distribution and Possession with Intent to Distribute Controlled Substances)

On or about January 17, 2024, in the District of New Jersey and elsewhere, the defendant,

**CARL NAPIER,**
a/k/a "Smash,"

did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT EIGHT
(Unlawful Possession of a Firearm)

On or about January 17, 2024, in the District of New Jersey and elsewhere, the defendant,

**ALEXIS TEJADA,**

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, namely, a Walther model P99c QA, bearing serial number FAH2810, and the firearm was in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT NINE
(Unlawful Possession of a Firearm)

On or about January 24, 2024, in the District of New Jersey and elsewhere, the defendant,

**CARL NAPIER,**
a/k/a "Smash,"

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, namely, a Taurus PT111G2A handgun, bearing serial number ACH147722, and the firearm was in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TEN
(Firearms Trafficking)

On or about January 24, 2024, in the District of New Jersey and elsewhere, the defendants,

**CARL NAPIER,**
a/k/a "Smash," and
**JAMIE ARCHER-MONROE,**
a/k/a "Raziq,"

did knowingly and willfully ship, transport, transfer, cause to be transported, and otherwise dispose of firearms to another person in or otherwise affecting interstate and foreign commerce, knowing and with reason to believe that the use, carrying, or possession of the firearms by the recipient would constitute a felony.

In violation of Title 18, United States Code, Section 933(a)(1).

## COUNT ELEVEN
(Unlawful Possession of Ammunition)

On or about March 12, 2024, in the District of New Jersey and elsewhere, the defendant,

### CARL NAPIER,
a/k/a "Smash,"

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess eight rounds of .45 caliber Blazer ammunition, and the ammunition was in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWELVE
(Unlawful Possession of Firearms)

On or about March 15, 2024, in the District of New Jersey and elsewhere, the defendant,

**CARL NAPIER,**
a/k/a "Smash,"

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess firearms, namely, a .45 caliber Springfield Armory Model XD-45 firearm with a defaced serial number, and a Taurus model G2C firearm with a defaced serial number, and the firearms were in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THIRTEEN
(Possession with Intent to Distribute Controlled Substances)

On or about March 22, 2024, in the District of New Jersey and elsewhere, the defendant,

**JIHAD BIBBS, SR.,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

### COUNT FOURTEEN
(Unlawful Possession of a Firearm and Ammunition)

On or about August 19, 2024, in the District of New Jersey and elsewhere, the defendant,

### HAMIR WRIGHT,
a/k/a "Lil' Smash,"

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, namely, a Glock 22 handgun, bearing serial number UWU526, and eleven rounds of .40 caliber hollow point ammunition, and the firearm and ammunition were in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION ONE

Pursuant to Title 18, United States Code, Section 1963, upon conviction of the offense charged in Count One of this Superseding Indictment, in violation of Title 18, United States Code, Section 1962, the defendants,

**CARL NAPIER,**
a/k/a "Smash," and
**HAMIR WRIGHT**
a/k/a "Lil Smash,"

shall forfeit to the United States of America:

(a)    any interest acquired or maintained in violation of Section 1962;

(b)    any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and

(c)    any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of Section 1962.

## FORFEITURE ALLEGATION TWO

As a result of committing the controlled substance offenses in violation of Title 21, United States Code, Section 841, as charged in Counts Two, Four, Seven, and Thirteen of this Superseding Indictment, the defendants,

**CARL Napier,**
a/k/a "Smash," and
**JIHAD BIBBS, SR.,**

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in Counts Two, Four, Seven, and Thirteen of this Superseding Indictment, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged in Counts Two, Four, Seven, and Thirteen of this Superseding Indictment.

## FORFEITURE ALLEGATION THREE

As a result of committing the offenses in violation of Title 18, United States Code, Section 922(g)(1) and Title 18, United States Code, Section 933(a)(1) as charged in Counts Three, Five, Six, Eight, Nine, Ten, Eleven, Twelve, and Fourteen of this Superseding Indictment, the defendants,

**CARL NAPIER,**
a/k/a "Smash,"
**HAMIR WRIGHT,**
a/k/a "Lil Smash,"
**ALEXIS TEJADA,** and
**JAMIE ARCHER-MONROE,**
a/k/a "Raziq,"

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the commission of such offenses, including, but not limited to:

a. one .45 caliber Springfield Armory Model XD-45 firearm with a defaced serial number;

b. one Taurus model G2C firearm with a defaced serial number;

c. one Taurus 66 .357 magnum revolver, bearing serial number 5152475, and six rounds of ammunition;

d. one Taurus PT709 handgun, bearing serial number TCT50076;

e. one Walther model P99c QA, bearing serial number FAH2810;

f. one Taurus PT111G2A handgun, bearing serial number ACH147722;

g. eight rounds of .45 caliber Blazer ammunition; and

h. eleven rounds of .40 caliber hollow point ammunition.

## **Substitute Assets Provision**
### **(Applicable to All Forfeiture Allegations)**

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

       (a)   cannot be located upon the exercise of due diligence;

       (b)   has been transferred, or sold to, or deposited with, a third party;

       (c)   has been placed beyond the jurisdiction of the Court;

       (d)   has been substantially diminished in value; or

       (e)   has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

A TRUE BILL

Foreperson

_Alina Habba_

ALINA HABBA
United States Attorney

CASE NUMBER: 24-455

## United States District Court
## District of New Jersey

## UNITED STATES OF AMERICA

v.

## CARL NAPIER,
## a/k/a "Smash," *et al.*

## SUPERSEDING INDICTMENT
## FOR

18 U.S.C. § 1962(d)
21 U.S.C. §§ 841(a)(1) and (b)(1)(B)
21 U.S.C. §§ 841(a)(1) and (b)(1)(C)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 933(a)(1)
18 U.S.C. § 2

**A True Bill,**

Foreperson

ALINA HABBA
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

SEAN NADEL
KENDALL RANDOLPH
ASSISTANT U.S. ATTORNEYS
973-645-3659